FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 16  AM II: 25
JAN 1 6 2001
LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SU VAN LE | * | CIVIL DOCKET |
| | * | |
| VERSUS | * | NO. 00-325 |
| | * | |
| CAJUN OFFSHORE, INC.,FAIRFIELD | * | |
| INSURANCE COMPANY and | * | SECTION "K " |
| LUMBERMAN'S MUTUAL CASUALTY | * | |
| COMPANY | * | MAG. 4 |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

### MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Su Van Le, who seeks

leave to file the First Amended Complaint, attached hereto as Exhibit "A," for the following reasons:

1.

The Court closed this matter for statistical purposes by minute entry dated June 14, 2000, as

a result of the bankruptcy filing under Chapter 11 of the Bankruptcy Code by Cajun Offshore,

Inc.("Cajun"), defendant herein.

2.

In his Original Complaint, Su Van Le asserted claims against the unknown insurer of Cajun.

Plaintiff believes, based on information provided by Cajun, that he has now determined the true

identity of the insurers who underwrote policies covering the type of damages alleged by Plaintiff.

3.

Accordingly, Plaintiff now seeks to file the amended complaint attached hereto as Exhibit "A," naming Cajun's insurers as defendants, thus allowing Plaintiff to proceed in a direct action against the insurers while respecting the bankruptcy stay protecting Cajun.

**WHEREFORE**, Plaintiff Su Van Le respectfully asks this Court to grant leave for him to file the amending complaint attached hereto as Exhibit "A" and pursue the claim against Cajun's insurers, as described above.

Respectfully submitted,

**SCANDURRO & LAYRISSON, L.L.C.**
TIMOTHY D. SCANDURRO, Bar No. 18424
DEWEY M. SCANDURRO, Bar No. 23291
607 St. Charles Avenue, Suite 100
New Orleans, Louisiana 70130
Telephone: (504) 522-7100

By: _____
Dewey M. Scandurro

**LAW OFFICES OF DARRYL BUBRIG**
DARRYL W. BUBRIG, SR., Bar No. 2228
8748 Highway 23
Belle Chasse, Louisiana 70037
Telephone: (504) 392-0180

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion for Leave to File First Amended Complaint and the accompanying Certificate and Notice have been served on Darryl T. Landwehr, 225 Baronne St. Ste. 2116, New Orleans, Louisiana 70112 and Robert S. Reich, Two Lakeway Center Ste. 1000, 3850 N. Causeway Blvd., Metairie, Louisiana 70002, via facsimile transmission, hand delivery and/or by placing same in the United States mail, properly addressed and postage prepaid this day, January 16, 2001.

_____

Dewey M. Scandurro

3

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SU VAN LE** | * **CIVIL DOCKET** |
| | * |
| **VERSUS** | * **NO. 00-325** |
| | * |
| **CAJUN OFFSHORE, INC.,FAIRFIELD** | * |
| **INSURANCE COMPANY and** | * **SECTION "K "** |
| **LUMBERMAN'S MUTUAL CASUALTY** | * |
| **COMPANY** | * **MAG. 4** |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * *  *

## LOCAL RULE 7.6E CERTIFICATE

Undersigned counsel hereby certifies, pursuant to Local Rule 7.6E that he has sought the

consent of opposing counsel to the accompanying Motion.  Mr. Landwehr, counsel for Cajun

Offshore, Inc., as Debtor in the pending bankruptcy proceeding, has consented to the Motion.

Defense counsel in this matter for Cajun Offshore, Inc., has refused such consent.

Respectfully submitted,

**SCANDURRO & LAYRISSON, L.L.C.**
TIMOTHY D. SCANDURRO, Bar No. 18424
DEWEY M. SCANDURRO, Bar No. 23291
607 St. Charles Avenue, Suite 100
New Orleans, Louisiana 70130
Telephone: (504) 522-7100

By:_____
        Dewey M. Scandurro

1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SU VAN LE** | *   **CIVIL DOCKET** |
| | * |
| **VERSUS** | *   **NO. 00-325** |
| | * |
| **CAJUN OFFSHORE, INC.,FAIRFIELD** | * |
| **INSURANCE COMPANY and** | *   **SECTION "K "** |
| **LUMBERMAN'S MUTUAL CASUALTY** | * |
| **COMPANY** | *   **MAG. 4** |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF HEARING

PLEASE TAKE NOTICE that Plaintiff Su Van Le's Motion for Leave to File First Amended Complaint will be heard before Magistrate Judge Karen Roby on the 7th day of February, 2001, at 11:00 a.m., at the United States District Court for the Eastern District of Louisiana, 501 Magazine Street, New Orleans, Louisiana 70130.

Submitted by:
**SCANDURRO & LAYRISSON, L.L.C.**
TIMOTHY D. SCANDURRO, Bar No. 18424
DEWEY M. SCANDURRO, Bar No. 23291
607 St. Charles Avenue, Suite 100
New Orleans, Louisiana 70130
Telephone: (504) 522-7100

By: _____
        Dewey M. Scandurro

**LAW OFFICES OF DARRYL BUBRIG**
DARRYL W. BUBRIG, SR., Bar No. 2228
8748 Highway 23
Belle Chasse, Louisiana 70037
Telephone: (504) 392-0180

G:\ALL\JKDOCS\2794\PLDG\AMEND.WPD

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SU VAN LE | * | CIVIL DOCKET |
| | * | |
| VERSUS | * | NO. 00-325 |
| | * | |
| CAJUN OFFSHORE, INC.,FAIRFIELD | * | |
| INSURANCE COMPANY and | * | SECTION "K" |
| LUMBERMAN'S MUTUAL CASUALTY | * | |
| COMPANY | * | MAG. 4 |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * | * | |

## MEMORANDUM IN SUPPORT OF MOTION
## FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

MAY IT PLEASE THE COURT:

Plaintiff, Su Van Le, brought this action for damages to his fishing vessel as a result of a

collision with a vessel owned by defendant Cajun Offshore, Inc. ("Cajun"). This matter was closed

for statistical purposes on June 14, 2000, because, Cajun filed for bankruptcy protection under

Chapter 11 of the Bankruptcy Code.

In his Original Complaint, plaintiff asserted claims against Cajun and "ABC Insurance

Company," because Plaintiff had been unable to learn the identity of Cajun's protection and

indemnity insurers.  On February 3, 2000, within two days of filing the Original Complaint, Plaintiff

propounded discovery to Cajun seeking the identification of its insurers. Cajun answered the Complaint, but over three months passed without a response from Cajun regarding insurance coverage. Cajun then filed for protection under Chapter 11 of the Bankruptcy Code on May 24, 2000. Thus, the action against Cajun was stayed. Plaintiff subsequently learned the identity of Cajun's insurers through the bankruptcy proceedings, and now seeks to name them as defendants in this matter, while acknowledging that the bankruptcy stay protects Cajun. Accordingly, Plaintiff now seeks to file an amending complaint naming the insurers as defendants, and acknowledging Cajun's bankruptcy filing. Plaintiff will then proceed against the insurers alone under the Louisiana Direct Action statute, without pursuing Cajun herein. Plaintiff has also filed a Motion to Reopen Case herein to be heard by the Honorable Stanwood Duval, Jr., on January 31, 2001.

Even though all actions against Cajun have been stayed because of the bankruptcy proceedings, it is permissible for Plaintiff to pursue the insurer alone, without violating the bankruptcy stay order. Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 546 (5th Cir. 1983); Carway v. Progressive County Mutual Insurance Company, 183 B.R. 769, 774-75 (S.D. Tex. 1995). The policies are believed to have been issued and delivered in Louisiana to Cajun, a Louisiana corporation. The Louisiana Direct Action Statute specifically provides for direct actions against such insurers of parties in bankruptcy. See La. R.S. 22:655(B)(1)(a).

The attorney for Cajun as debtor in bankruptcy has been contacted and consents to a reopening of this matter as described herein. Cajun's defense counsel herein has refused his consent.

## CONCLUSION

The bankruptcy stay only applies to Cajun, not its insurers. Accordingly, because no harm will come to the bankruptcy estate and because it is specifically permitted by Louisiana statutory law and case law of the Federal Fifth Circuit, Plaintiff suggests to this Court that Plaintiff should be granted leave to file the amended complaint attached to the accompanying motion, and allowed to pursue its claim against Cajun's insurers.

Respectfully submitted,

**SCANDURRO & LAYRISSON, L.L.C.**
TIMOTHY D. SCANDURRO, Bar No. 18424
DEWEY M. SCANDURRO, Bar No. 23291
607 St. Charles Avenue, Suite 100
New Orleans, Louisiana 70130
Telephone: (504) 522-7100

By: _____
         Dewey M. Scandurro

**LAW OFFICES OF DARRYL BUBRIG**
DARRYL W. BUBRIG, SR., Bar No. 2228
8748 Highway 23
Belle Chasse, Louisiana 70037
Telephone: (504) 392-0180

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum in Support of Motion for Leave to File First Amended Complaint has been served on Darryl T. Landwehr, 225 Baronne St. Ste. 2116, New Orleans, Louisiana 70112 and Robert S. Reich, Two Lakeway Center Ste. 1000, 3850 N. Causeway Blvd., Metairie, Louisiana 70002, via facsimile transmission, hand delivery and/or by placing same in the United States mail, properly addressed and postage prepaid this day, January 16, 2001.

                                              Dewey M. Scandurro

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SU VAN LE | * | CIVIL DOCKET |
| | * | |
| VERSUS | * | NO. 00-325 |
| | * | |
| CAJUN OFFSHORE, INC., FAIRFIELD | * | |
| INSURANCE COMPANY and | * | SECTION "K" |
| LUMBERMAN'S MUTUAL CASUALTY | * | |
| COMPANY | * | MAG. 4 |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## FIRST AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Su Van Le, who hereby amends his Original Complaint to read as follows:

1.

Made defendants herein are:

A.      Fairfield Insurance Company, a foreign insurer doing business in Louisiana and in this judicial district, who at all pertinent times underwrote protection and indemnity insurance for Cajun Offshore, Inc. and the M/V CAJUN III.

EXHIBIT

"A"

B.     Lumberman's Mutual Casualty Company, a foreign insurer doing business in Louisiana and in this judicial district, who at all pertinent times underwrote protection and indemnity insurance for Cajun Offshore, Inc. and the M/V CAJUN III.

C.     Cajun Offshore, Inc., a Louisiana corporation, domiciled in the Eastern District of Louisiana in Lafourche Parish, who at all pertinent times owned and operated the M/V CAJUN III.

2.

Cajun Offshore, Inc. ("Cajun Offshore"), named as a defendant in the Original Complaint, has filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code, and the claims against Cajun Offshore have been stayed. Plaintiff has no intention of collecting any sums directly from Cajun Offshore except as ultimately provided by the Plan of Reorganization in bankruptcy. Plaintiff files this First Amended Complaint solely to seek recovery from Cajun Offshore's insurers under the Louisiana Direct Action Statute, which specifically provides for direct actions against the insurers of parties in bankruptcy. *See* La. R.S. 22:655(B)(1)(a). It is permissible for Plaintiff to pursue the insurers alone, without violating the bankruptcy stay order. Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 546 (5th Cir. 1983); Carway v. Progressive County Mutual Insurance Company, 183 B.R. 769, 774-75 (S.D. Tex. 1995).

2

3.

Jurisdiction is proper in this district under 28 U.S.C. § 1333, in that this is an action within the admiralty or maritime jurisdiction of this Court, and Cajun Offshore, the insured,  is a domiciliary and resident of the Eastern District of Louisiana.

4.

The M/V CAJUN III is an offshore utility vessel owned and operated at all pertinent times by Cajun Offshore.

5.

On or about August 22, 1999, plaintiff was traveling west in his boat, F/V CAPT. GIANG, III, in the Gulf of Mexico, at Loran Coordinates 29415.5, 46849.8.  The vessel, CAPT. GIANG, III, was traveling with both nets in the water and traveling approximately 2.3 knots, at the time that the M/V CAJUN III, heading east, collided with the F/V CAPT. GIANG, III, all in violation of the rules of navigation.

6.

As a result of the above-described collision, the plaintiff's vessel F/V CAPT. GIANG, III suffered damage, and plaintiff has suffered loss of income and profits as a result thereof.

7.

The aforesaid accident was caused by the negligence or fault of Cajun Offshore, Inc., and its crew, in the following non-exclusive particulars:

a.    Failing to see what they should have seen;

3

b.    Failure to maintain control of the vessel;

c.    Failure to avoid a collision with the opportunity to do so;

d.    Failure to follow the rules of navigation in overtaking or passing another vessel; and

e.    Such other acts of negligence as may be proven at trial.

8.

At all relevant times herein, defendants Fairfield Insurance Company and Lumberman's Mutual Casualty Company are believed to have had in full force and effect policies of protection and indemnity insurance underwritten by them, actually or constructively issued or delivered in Louisiana, and covering Cajun Offshore, Inc. and the M/V CAJUN III for the acts and/or omissions described herein, with the result that they are liable to plaintiff for the damages described herein.

**WHEREFORE**, plaintiff prays that after due proceedings, there be a judgment herein in his favor and against defendants Fairfield Insurance Company and Lumberman's Mutual Casualty Company for reasonable damages in the premises, plus interest and costs, and for all other legal, equitable or general relief to which plaintiff may be or become entitled, preserving to plaintiff its right to seek similar relief from Cajun Offshore should the bankruptcy stay be lifted.

Respectfully submitted,
**SCANDURRO & LAYRISSON, L.L.C.**
TIMOTHY D. SCANDURRO, Bar No. 18424
DEWEY M. SCANDURRO, Bar No. 23291
607 St. Charles Avenue, Suite 100
New Orleans, Louisiana 70130
Telephone: (504) 522-7100

By:_____
    Dewey M. Scandurro

4

**LAW OFFICES OF DARRYL BUBRIG**
DARRYL W. BUBRIG, SR., Bar No. 2228
8748 Highway 23
Belle Chasse, Louisiana 70037
Telephone: (504) 392-0180

G:\ALL\JKDOCS\2794\PLDG\AMENDCOM.WPD

5