

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB 16 PM 4: 15

FEB 16 2001
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SU VAN LE | * | CIVIL DOCKET |
| | * | |
| VERSUS | * | NO. 00-325 |
| | * | |
| CAJUN OFFSHORE, INC., FAIRFIELD | * | |
| INSURANCE COMPANY and | * | SECTION "K" |
| LUMBERMAN'S MUTUAL CASUALTY | * | |
| COMPANY | * | MAG. 4 |

* * * * * * * * * * * * * * * * * * * * * * * *

## MOTION TO REVIEW MAGISTRATE JUDGE'S ORDER

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Su Van Le, who respectfully asks the Court to review the Magistrate Judge's recent Minute Entry (Doc. #13, attached hereto as Exhibit "A"), to the extent the Minute Entry partially denies Plaintiff's Motion for Leave to File First Amended Complaint, for the reasons set forth in the accompanying Memorandum.

Respectfully submitted,

**SCANDURRO & LAYRISSON, L.L.C.**
TIMOTHY D. SCANDURRO, Bar No. 18424
DEWEY M. SCANDURRO, Bar No. 23291
607 St. Charles Avenue, Suite 100
New Orleans, Louisiana 70130
Telephone: (504) 522-7100

By: _____
Dewey M. Scandurro

Fee _____
Process _____
X Dktd _____
CtRmDep _____
Doc.No. _____

**LAW OFFICES OF DARRYL BUBRIG**
DARRYL W. BUBRIG, SR., Bar No. 2228
8748 Highway 23
Belle Chasse, Louisiana 70037
Telephone: (504) 392-0180

### CERTIFICATE OF SERVICE

  I hereby certify that a copy of the above and foregoing Motion to Review Magistrate Judge's Order and the accompanying Notice have been served on Judge Stanwood Duvall and Magistrate Judge Karen Wells Roby by hand, and on counsel for Cajun Offshore, Inc., herein, Robert S. Reich, Two Lakeway Center Ste. 1000, 3850 N. Causeway Blvd., Metairie, Louisiana 70002, by placing same in the United States mail, properly addressed and postage prepaid this day, February 16, 2001.

            _____
             Dewey M. Scandurro

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SU VAN LE | * | CIVIL DOCKET |
| | * | |
| VERSUS | * | NO. 00-325 |
| | * | |
| CAJUN OFFSHORE, INC., FAIRFIELD | * | |
| INSURANCE COMPANY and | * | SECTION "K" |
| LUMBERMAN'S MUTUAL CASUALTY | * | |
| COMPANY | * | MAG. 4 |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

## NOTICE OF HEARING

     PLEASE TAKE NOTICE that Plaintiff Su Van Le's Motion to Review Magistrate Judge's Order will be heard before the Honorable Stanwood Duval, Jr., on the 14 day of March, 2001, at 9:30 a.m., at the United States District Court for the Eastern District of Louisiana, Room C368, 500 Camp Street, New Orleans, Louisiana 70130.


Submitted by:
**SCANDURRO & LAYRISSON, L.L.C.**
TIMOTHY D. SCANDURRO, Bar No. 18424
DEWEY M. SCANDURRO, Bar No. 23291
607 St. Charles Avenue, Suite 100
New Orleans, Louisiana 70130
Telephone: (504) 522-7100

By: _____/s/_____
     Dewey M. Scandurro

**LAW OFFICES OF DARRYL BUBRIG**
DARRYL W. BUBRIG, SR., Bar No. 2228
8748 Highway 23
Belle Chasse, Louisiana 70037
Telephone: (504) 392-0180

G:\ALL\JKDOCS\2794\PLDG\OBJ_MAG.WPD

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SU VAN LE | * | CIVIL DOCKET |
| | * | |
| VERSUS | * | NO. 00-325 |
| | * | |
| CAJUN OFFSHORE, INC., FAIRFIELD | * | |
| INSURANCE COMPANY and | * | SECTION "K" |
| LUMBERMAN'S MUTUAL CASUALTY | * | |
| COMPANY | * | MAG. 4 |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION TO REVIEW MAGISTRATE JUDGE'S ORDER

**MAY IT PLEASE THE COURT:**

Plaintiff, Su Van Le, brought this action for damages to his fishing vessel as a result of a collision with a vessel owned by defendant Cajun Offshore, Inc. ("Cajun"). This matter was closed for statistical purposes shortly after Cajun filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code. Cajun had not identified its insurers, despite outstanding discovery, at the time of the bankruptcy filing. The case was recently reopened to permit Plaintiff to amend his Complaint and pursue his claims against Cajun's insurers. (Doc. #12.)

The issue before the court is the correctness of the Magistrate Judge's ruling on Plaintiff's Motion for Leave of Court to File First Amended Complaint, which was granted in part and denied

in part. (Doc. #13, Exhibit "A.")

The insurers named in Plaintiff's proposed First Amended Complaint were the insurers identified in the bankruptcy schedules, and were the same insurers identified by Cajun's representative in the bankruptcy proceeding, when he testified under oath at a creditors' meeting. Those insurers were Fairfield Insurance Company and Lumbermen's Mutual Insurance Company. The Magistrate Judge's Minute Entry (Doc. #13, Exhibit "A") granted Plaintiff leave to name the two insurers identified in the bankruptcy proceedings, but denied Plaintiff's motion "to the extent that it also names Cajun Offshore, Inc. as a defendant." It is on this latter point that the Magistrate Judge erred. Cajun was *already* a party to the suit. The body of the First Amended Complaint expressly states that no claims are being pursued against Cajun. (*See* paragraph 2 of the First Amended Complaint.) Cajun is merely a nominal party, by virtue of the bankruptcy.

By requiring Plaintiff to amend its complaint to remove Cajun, the Magistrate Judge's order would leave only the two recently named insurers as defendants. The problem with that result is that undersigned counsel has just learned that the insurers named in the First Amended Complaint may not have been the true insurers of Cajun, despite the information provided in the bankruptcy proceedings. In a telephone conversation this morning, February 16, 2001, Cajun's defense counsel in this matter informally identified another insurer, FAI General Insurance Co., Ltd., as the party believed to be the correct insurer.

Plaintiffs desire to maintain Cajun as a nominal party only to protect Plaintiff from allegations that an action against FAI or other insurers is time-barred if it turns out that the proper

2

insurance companies have not been identified by Cajun.

In this regard, Plaintiff will shortly file a Motion for Leave to File Second Amending Complaint, naming all three insurers that have been identified, and again including Cajun as a nominal party, in the event none of the three insurers identified by Cajun is the correct insurer.

Accordingly, Plaintiff suggests to this Court that it should modify the decision of the Magistrate Judge and permit Cajun to remain a nominal party to this matter only, to prevent prejudice to Plaintiff as a result of Cajun's failure timely to identify its insurers. Plaintiff has already acknowledged that he cannot pursue a judgment against Cajun because of the bankruptcy, and the only purpose for maintaining Cajun as a party would be to allow the identification and addition of the correct insurer.

Respectfully submitted,

**SCANDURRO & LAYRISSON, L.L.C.**
TIMOTHY D. SCANDURRO, Bar No. 18424
DEWEY M. SCANDURRO, Bar No. 23291
607 St. Charles Avenue, Suite 100
New Orleans, Louisiana 70130
Telephone: (504) 522-7100

By: _____
　　　Dewey M. Scandurro

**LAW OFFICES OF DARRYL BUBRIG**
DARRYL W. BUBRIG, SR., Bar No. 2228
8748 Highway 23
Belle Chasse, Louisiana 70037
Telephone: (504) 392-0180

3

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing Memorandum in Support of Motion to Review Magistrate Judge's Order has been served on Judge Stanwood Duvall and Magistrate Judge Karen Wells Roby by hand, and on counsel for Cajun Offshore, Inc., Robert S. Reich, Two Lakeway Center Ste. 1000, 3850 N. Causeway Blvd., Metairie, Louisiana 70002, by placing same in the United States mail, properly addressed and postage prepaid this day, February 16, 2001.

                                                                  Dewey M. Scandurro



**MINUTE ENTRY**
**ROBY, M.J.**
**February 8, 2001**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SU VAN LE | CIVIL ACTION |
| VERSUS | NO: 00-0325 |
| CAJUN OFFSHORE INC., ET AL. | SECTION: "K" (4) |

On January 16, 2001, the plaintiff, Su Van Le ("plaintiff") filed a **Motion for Leave to File First Amended Complaint** (doc. #11), seeking leave to add Fairfield Insurance Company and Lumberman's Mutual Casualty Company as defendants, pursuant to the Louisiana's Direct Action Statute. The plaintiff's motion was set for hearing on February 7, 2001. The defendants have not filed an opposition to the plaintiff's motion.

The Court notes that as a result of the defendant, Cajun Offshore, Inc., filing for Chapter 11 Bankruptcy, the District Judge, on June 14, 2000, closed the instant action for statistical purposes. (Rec. doc. #9). Although the case was recently reopened, it was done so for the limited purpose of allowing the plaintiff to directly pursue his claim **only** against the defendant's insurers. (Rec. doc. #12). The Court notes, however, that in addition to the insurers, the plaintiff's proposed amended complaint also names Cajun Offshore, Inc. as a defendant.



Accordingly,

**IT IS THEREFORE ORDERED** that the plaintiff, Su Van Le's **Motion for Leave to File First Amended Complaint** (doc. #11) is hereby **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the plaintiff's motion is **GRANTED AS UNOPPOSED** to the extent that it seeks to assert the plaintiff's claim directly against Fairfield Insurance Company and Lumberman's Mutual Casualty Company.

**IT IS FURTHER ORDERED** that the plaintiff's motion is **DENIED** to the extent that it also names Cajun Offshore, Inc. as a defendant.

**IT IS FURTHER ORDERED** that the plaintiff submit a First Amended Complaint consistent with this order, **no later than February 19, 2001**.

_____
KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

2