

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SU VAN LE | * | CIVIL DOCKET |
| | * | |
| VERSUS | * | NO. 00-325 |
| | * | |
| CAJUN OFFSHORE, INC., FAIRFIELD | * | |
| INSURANCE COMPANY and | * | SECTION "K" |
| LUMBERMAN'S MUTUAL CASUALTY | * | |
| COMPANY | * | MAG. 4 |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |

## SECOND AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Su Van Le, who hereby amends his complaint herein to read as follows:

1.

Made defendants herein are:

A.  Fairfield Insurance Company, a foreign insurer doing business in Louisiana and in this judicial district, who on information and belief at all pertinent times underwrote protection and indemnity insurance for Cajun Offshore, Inc. and the M/V CAJUN III.

B.  Lumberman's Mutual Casualty Company, a foreign insurer doing business in Louisiana and in this judicial district, who on information and belief at all pertinent




times underwrote protection and indemnity insurance for Cajun Offshore, Inc. and the M/V CAJUN III.

C. FAI General Insurance Co. Ltd., on information and belief a foreign insurer doing business in Louisiana and in this judicial district, who at all pertinent times underwrote protection and indemnity insurance for Cajun Offshore, Inc. and the M/V CAJUN III.

D. Cajun Offshore, Inc., a Louisiana corporation, domiciled in the Eastern District of Louisiana in Lafourche Parish, who at all pertinent times owned and operated the M/V CAJUN III.

2.

Cajun Offshore, Inc. ("Cajun Offshore"), named as a defendant in the Original Complaint, has filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code, and the claims against Cajun Offshore have been stayed. Plaintiff has no intention of collecting any sums directly from Cajun Offshore except as ultimately provided by the Plan of Reorganization in bankruptcy. Plaintiff files this Second Amended Complaint solely to seek recovery from Cajun Offshore's insurers under the Louisiana Direct Action Statute, which specifically provides for direct actions against the insurers of parties in bankruptcy. *See* La. R.S. 22:655(B)(1)(a). It is permissible for Plaintiff to pursue the insurers alone, without violating the bankruptcy stay order. <u>Wedgeworth v. Fibreboard Corp.</u>, 706 F.2d 541, 546 (5th Cir. 1983); <u>Carway v. Progressive County Mutual Insurance Company</u>, 183 B.R. 769, 774-75 (S.D. Tex. 1995).

3.

Jurisdiction is proper in this district under 28 U.S.C. § 1333, in that this is an action within the admiralty or maritime jurisdiction of this Court, and Cajun Offshore, the insured, is a domiciliary and resident of the Eastern District of Louisiana.

4.

The M/V CAJUN III is an offshore utility vessel owned and operated at all pertinent times by Cajun Offshore.

5.

On or about August 22, 1999, plaintiff was traveling west in his boat, F/V CAPT. GIANG, III, in the Gulf of Mexico, at Loran Coordinates 29415.5, 46849.8. The vessel, CAPT. GIANG, III, was traveling with both nets in the water and traveling approximately 2.3 knots, at the time that the M/V CAJUN III, heading east, collided with the F/V CAPT. GIANG, III, all in violation of the rules of navigation.

6.

As a result of the above-described collision, the plaintiff's vessel F/V CAPT. GIANG, III suffered damage, and plaintiff has suffered loss of income and profits as a result thereof.

7.

The aforesaid accident was caused by the negligence or fault of Cajun Offshore, Inc., and its crew, in the following non-exclusive particulars:

    a.    Failing to see what they should have seen;

b.  Failure to maintain control of the vessel;

c.  Failure to avoid a collision with the opportunity to do so;

d.  Failure to follow the rules of navigation in overtaking or passing another vessel; and

e.  Such other acts of negligence as may be proven at trial.

8.

At all relevant times herein, defendants Fairfield Insurance Company and/or Lumberman's Mutual Casualty Company and/or FAI General Insurance Co. Ltd. are believed to have had in full force and effect policies of protection and indemnity insurance underwritten by them, actually or constructively issued or delivered in Louisiana, and covering Cajun Offshore, Inc. and the M/V CAJUN III for the acts and/or omissions described herein, with the result that they are liable to plaintiff for the damages described herein. All three insurers have been identified by Cajun's various representatives as having issued the policy or policies which cover the damages described herein.

**WHEREFORE**, plaintiff prays that after due proceedings, there be a judgment herein in his favor and against defendants Fairfield Insurance Company, Lumberman's Mutual Casualty Company and FAI General Insurance Co. Ltd. for reasonable damages in the premises, plus interest and costs, and for all other legal, equitable or general relief to which plaintiff may be or become entitled, preserving to plaintiff its right to seek similar relief from Cajun Offshore should the bankruptcy stay be lifted.

Respectfully submitted,
**SCANDURRO & LAYRISSON, L.L.C.**
TIMOTHY D. SCANDURRO, Bar No. 18424
DEWEY M. SCANDURRO, Bar No. 23291
607 St. Charles Avenue, Suite 100
New Orleans, Louisiana 70130
Telephone: (504) 522-7100

By: _____
    Dewey M. Scandurro


**LAW OFFICES OF DARRYL BUBRIG**
DARRYL W. BUBRIG, SR., Bar No. 2228
8748 Highway 23
Belle Chasse, Louisiana 70037
Telephone: (504) 392-0180

G:\ALL\JKDOCS\2794\PLDG\AMENDCOM.WPD

5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SU VAN LE | * | CIVIL DOCKET |
| | * | |
| VERSUS | * | NO. 00-325 |
| | * | |
| CAJUN OFFSHORE, INC., FAIRFIELD | * | |
| INSURANCE COMPANY and | * | SECTION "K" |
| LUMBERMAN'S MUTUAL CASUALTY | * | |
| COMPANY | * | MAG. 4 |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | * | |

## MEMORANDUM IN SUPPORT OF
## CONSENT MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

MAY IT PLEASE THE COURT:

Plaintiff, Su Van Le, brought this action for damages to his fishing vessel as a result of a collision with a vessel owned by defendant Cajun Offshore, Inc. ("Cajun").

Plaintiff has been granted leave of Court to add two insurers who have been identified by Cajun as its protection and indemnity insurers. Cajun has recently identified a third insurer which may have been the protection and indemnity insurer (or one of several such insurers) for the damages alleged in this matter. Accordingly, Plaintiff seeks to file a Second Amended Complaint naming all three insurers as defendants, as all three have been identified as the correct insurers by various

attorneys and representatives of Cajun.

Cajun's defense counsel has been contacted and consents to this Motion. No other party has made an appearance herein.

Plaintiff's previous Motion for Leave to File First Amended Complaint was granted in part and denied in part by Minute Entry dated February 8, 2001. Plaintiff has asked the District Court Judge to review that Minute Entry to the extent it requires submission of a complaint that does not name Cajun. Plaintiff disagrees with this portion of the Minute Entry because Cajun was not being added as a defendant, but is *already* a party to the suit. The body of the First Amended Complaint expressly states that no claims are being pursued against Cajun. (*See* paragraph 2 of the First Amended Complaint.) Cajun is identically protected by virtue of Paragraph 2 of the Second Amended Complaint. Cajun is merely a nominal party, by virtue of the bankruptcy. Plaintiffs desire to maintain Cajun as a nominal party only, to protect Plaintiff from allegations that an action against other insurers is time-barred if it turns out that the proper insurance companies have not been identified by Cajun.

Accordingly, Plaintiff respectfully asks this Court to permit the filing of the Second Amended Complaint, attached to the accompanying Motion as Exhibit "A."

2

Respectfully submitted,

**SCANDURRO & LAYRISSON, L.L.C.**
TIMOTHY D. SCANDURRO, Bar No. 18424
DEWEY M. SCANDURRO, Bar No. 23291
607 St. Charles Avenue, Suite 100
New Orleans, Louisiana 70130
Telephone: (504) 522-7100

By: _____
          Dewey M. Scandurro

**LAW OFFICES OF DARRYL BUBRIG**
DARRYL W. BUBRIG, SR., Bar No. 2228
8748 Highway 23
Belle Chasse, Louisiana 70037
Telephone: (504) 392-0180

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum in Support of Motion for Leave to File Second Amended Complaint has been served on Robert S. Reich, Two Lakeway Center Ste. 1000, 3850 N. Causeway Blvd., Metairie, Louisiana 70002, via facsimile transmission, hand delivery and/or by placing same in the United States mail, properly addressed and postage prepaid this day, February 16, 2001.

_____
          Dewey M. Scandurro

3