```
                              FILED
                         U.S. DISTRICT COURT
                        EASTERN DISTRICT OF LA

                         2001 APR 19  PM 2:30

                           LORETTA G. WHYTE
                                CLERK
```

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SU VAN LE | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NUMBER: 00-0325 |
| | * | |
| CAJUN OFFSHORE, INC. AND | * | SECTION: "K" (4) |
| ABC INSURANCE COMPANY | * | |
| | * | JUDGE STANWOOD R. DUVAL, JR. |
| | * | |
| | * | MAGISTRATE KAREN WELLS ROBY |

************************************

### NOTICE OF BANKRUPTCY STAY

**NOW INTO COURT**, through undersigned counsel, comes FAI General Insurance Company, sought to be made defendant herein, and respectfully advises this Court that a bankruptcy matter captioned "In re Petition of Anthony Gregory McGrath and Alexander Robert Mackay Macintosh, as Provisional Liquidators of FAI General Insurance Company, Limited, et al," Case No. 01-B-11899(AJG)(Jointly Administered) was filed in the United States Bankruptcy Court for the Southern District of New York. Subsequently, Judge Arthur J. Gonzalez, United States Bankruptcy Judge for the Southern District of New York signed a temporary restraining order on April 9, 2001 enjoining and restraining the commencement or continuation of any proceeding or action against FAI General Insurance Company Limited. A copy of the

```
        Fee_____
        Process__
     X  Dktd_____
     /  CtRmDep__
        Doc.No.  21
```

temporary restraining order signed by Judge Gonzalez is attached hereto as Exhibit "A".

                              Respectfully Submitted;

                              _____
                              ROBERT S. REICH (#11163)
                              LAWRENCE R. PLUNKETT, JR. (#19739)
                              Two Lakeway Center, Suite 1000
                              3850 N. Causeway Boulevard
                              Metairie, Louisiana 70002
                              Telephone: (504) 830-3999
                              *Attorneys for FAI General Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served on:

> Timothy D. Scandurro, Esq.
> Scandurro & Layrisson
> 607 St. Charles Avenue
> Suite 100
> New Orleans, Louisiana 70130
>
> Darryl W. Bubrig, Sr., Esq.
> Post Office Box 1010
> Buras, Louisiana 70041
>
> Kevin L. Cole, Esq.
> #3 Sanctuary Boulevard
> Suite 301
> Mandeville, Louisiana 70471

by placing a copy of same in the United States Mail, postage prepaid and properly addressed this __17__ day of April, 2001.

Mark J. Shapiro (MS 9596)
Mary K. Warren (MW 5215)
Lynette C. Kelly (LK 7179)
SHEARMAN & STERLING
Attorneys for Petitioners
599 Lexington Avenue
New York, New York 10022

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :
                                                            :
Petition of Anthony Gregory McGrath and                     :  Case No. 01-B-11899 (AJG)
Alexander Robert Mackay Macintosh,                          :  (Jointly Administered)
as Provisional Liquidators of FAI General                   :
Insurance Company Limited, et al.,[1]                       :
                                                            :
        ·Debtors in Foreign Proceedings.   :
                                                            :
------------------------------------------------------------x
                                                            :
In re                                                       :
                                                            :
Petition of Anthony McMahon, Thomas Riddell and             :
John Wardrop, as Provisional Liquidators of HIH             :
Casualty and General Insurance Limited,                     :
                                                            :
        Debtor in Foreign Proceeding.        :
                                                            :
                                                            :
------------------------------------------------------------x

## TEMPORARY RESTRAINING ORDER

This matter has come before the Court on the request of Petitioners, the joint

provisional liquidators appointed in Australia (the "Australian JPLs") for FAI General Insurance

Company Limited, HIH Casualty and General Insurance Limited, CIC Insurance Limited, Lanlex

No. 65 Pty Limited, FAI Overseas Investments Pty Limited and FAI Traders Insurance Company

---

[1]    In addition to FAI General Insurance Company Limited, the other foreign debtors in these Section 304 cases are: HIH Casualty and General Insurance Limited, CIC Insurance Limited, Lanlex No. 65 Pty Limited, FAI Overseas Investments Pty Limited and FAI Traders Insurance Company Pty Limited.

NYDOCS03/573045 2


EXHIBIT

Pty Limited (the "Australian Debtors"), and the joint provisional liquidators appointed in England (the "English JPLs"; collectively with the Australian JPLs, the "Petitioners") for HIH Casualty and General Insurance Limited ("HIH Casualty U.K. Branch"; collectively with the Australian Debtors, the "Foreign Debtors"), for a temporary restraining order pursuant to Section 304 of the United States Bankruptcy Code, Bankruptcy Rule 7065 and Federal Rule of Civil Procedure 65(b). The Court has considered and reviewed the Petitions filed in these cases, the Declaration of Anthony Gregory McGrath, one of the Petitioners herein, and all of the exhibits annexed thereto, the Declaration of Thomas Riddell, one of the Petitioners herein, and all of the exhibits annexed thereto, the Declaration of Richard Hamilton Fisher, one of the Australian attorneys for Petitioners, and all of the exhibits annexed thereto, and the Declaration of Neil Golding, one of the English solicitors for Petitioners, and all of the exhibits annexed thereto, and the Memorandum of Law in Support of Application of Foreign Representatives for an Order to Show Cause and for Injunctive Relief; and having held a hearing and heard argument by counsel on April 9, 2001, and based on the foregoing, the Court finds and concludes as follows:

1. Petitioners have demonstrated a substantial likelihood of success or have raised serious questions on the merits of the contentions that (a) the Foreign Debtors are subject to foreign proceedings, (b) Petitioners are the foreign representatives of the respective Foreign Debtors, and (c) the grant of relief will best assure the economical and expeditious administration of the estates of the Foreign Debtors in the foreign proceedings, consistent with the relevant factors set forth in Section 304(c).

2. Petitioners have demonstrated that, without the requested injunctive relief, the estates of the Foreign Debtors will be irreparably harmed, and that a temporary restraining order should be granted to maintain the status quo and provide the Petitioners with a "breathing

spell" to determine the course the foreign proceedings should take and to prevent any creditor of the Foreign Debtors from gaining a preference. Absent immediate injunctive relief, there is a serious risk that alleged creditors will commence or continue actions against the Foreign Debtors in the United States or will attempt to seize or attach assets of the Foreign Debtors in the United States.

3. Petitioners have demonstrated that the relief requested will not cause hardships to parties which are not outweighed by the benefits.

NOW, THEREFORE, IT IS:

ORDERED, that, pending the hearing on and determination of Petitioners' Motion for a Preliminary Injunction, all persons shall be hereby enjoined and restrained from:

(1) commencing or continuing any action or proceeding (including the issuance or employment of process) against the Foreign Debtors;

(2) commencing or continuing any action or proceeding (including the issuance or employment of process) or the taking of any act against property of the Foreign Debtors or property involved in the provisional liquidation or winding up proceedings of the Foreign Debtors pending in the Supreme Court of New South Wales in Sydney, Australia (the "Australian Proceedings") or the provisional liquidation proceeding of HIH Casualty U.K. Branch pending in the High Court of England and Wales (the "English Proceeding"; together with the Australian Proceedings, the "Foreign Proceedings"), including any action, proceeding or act (i) to seize or otherwise obtain possession of or exercise control over such property, or (ii) to create, perfect or enforce any lien, setoff, judgment, attachment, restraint, assessment or order, or collect, assess or recover any claim

against such property; provided, however, that Petitioners will not remove such property from the United States or remit such property to the Foreign Proceedings without the approval of this Court; provided further that the English JPLs intend to seek, on motion for a Preliminary Injunction, the Court's approval to remit the U.S. assets of HIH Casualty U.K. Branch to the English Proceeding;

or

(3)   relinquishing or disposing of any property of the Foreign Debtors or property involved in the Foreign Proceedings, or the proceeds of such property, except to the Petitioners; provided, however, that Petitioners will not remove such property from the United States or remit such property to the Foreign Proceedings without the approval of this Court; provided further that the English JPLs intend to seek, on motion for a Preliminary Injunction, the Court's approval to remit the U.S. assets of HIH Casualty U.K. Branch to the English Proceeding; and it is further

ORDERED, that pursuant to Bankruptcy Rule 7065, the security provisions of Fed. R. Civ. P. 65(c) be, and the same hereby are, waived; and it is further

ORDERED, that this Temporary Restraining Order and the Supporting Papers (without the exhibits, which are voluminous), as defined in the Order to Show Cause, shall be served by hand delivery, facsimile or U.S. mail, postage prepaid, on or before April 10, 2001 upon the persons listed on Exhibit B to the Order to Show Cause, which persons are believed by Petitioners to be (a) U.S. insureds or reinsureds of the Foreign Debtors or, where sufficient information could not be obtained from the records of the Foreign Debtors, the brokers for such insureds or reinsureds; (b) U.S. reinsurers of the Foreign Debtors or, where sufficient

information could not be obtained from the records of the Foreign Debtors, the brokers for such reinsurers; or (c) other U.S. creditors of the Foreign Debtors, including attorneys previously representing the Foreign Debtors or their insureds; upon counsel appearing in these cases, and by publication in U.S.A. Today of a summary of this Temporary Restraining Order, substantially in the form annexed as Exhibit A hereto, on or before April 12, 2001; and it is further

ORDERED, that service pursuant to the preceding paragraph shall be deemed good and sufficient service and adequate notice of this Temporary Restraining Order and of Petitioners' Motion for a Preliminary Injunction Order; and it is further

ORDERED, that a hearing will be held before the Honorable Arthur J. Gonzalez, in the United States Bankruptcy Court, Alexander Hamilton United States Customs House, 1 Bowling Green, New York, New York, 10004, on April 18, 2001 at 2:00 p.m., or as soon thereafter as counsel can be heard, to consider Petitioners' Motion for a Preliminary Injunction Order in substantially the terms of this Temporary Restraining Order; and it is further

ORDERED, that all papers submitted for the purpose of opposing Petitioners' motion for a Preliminary Injunction Order shall be filed with the Court electronically in accordance with General Order M-182 (N.B. General Order M-182 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov the official website for the United States Bankruptcy Court for the Southern District of New York) by registered users of the court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served so as to be received by Shearman & Sterling, 599 Lexington Avenue, New York, New York 10022

(attention: Thomas Childs, Esq.), Attorneys for Petitioners, on or before April 13, 2001 at 5:00 p.m.

Dated: New York, New York
      April 9, 2001
      11:55 a.m.

                          /s/ *Arthur J. Gonzalez*
                          UNITED STATES BANKRUPTCY JUDGE

Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
 : 
In re : 
 : 
Petition of Anthony Gregory McGrath and : Case No. 01-B- 11899 (AJG)
Alexander Robert Mackay Macintosh, : (Jointly Administered)
as Provisional Liquidators of FAI General : 
Insurance Company Limited, et al., : 
 : 
           Debtors in Foreign Proceedings. : 
 : 
------------------------------------------------------------x
 : 
In re : 
 : 
Petition of Anthony McMahon, Thomas Riddell and : 
John Wardrop, as Provisional Liquidators of HIH : 
Casualty and General Insurance Limited, : 
 : 
           Debtor in Foreign Proceeding. : 
 : 
------------------------------------------------------------x

## SUMMARY OF TEMPORARY RESTRAINING ORDER

     On April 9, 2001, Petitioners Anthony Gregory McGrath and Alexander Robert Mackay Macintosh, appointed by the Supreme Court of New South Wales in Sydney, Australia (the "Australian Court") as joint provisional liquidators (the "Australian JPLs") of FAI General Insurance Company Limited, HIH Casualty and General Insurance Limited, CIC Insurance Limited, Lanlex No. 65 Pty Limited, FAI Overseas Investments Pty Limited and FAI Traders Insurance Company Pty Limited (collectively, the "Australian Debtors") in proceedings pending in the Australian Court (the "Australian Proceedings"), and Anthony McMahon, Thomas Riddell and John Wardrop, appointed by the High Court of England and Wales (the "English Court") as joint provisional liquidators (the "English JPLs"; collectively with the Australian JPLs, the "Petitioners") of HIH Casualty and General Insurance Limited ("HIH Casualty U.K. Branch"; collectively with the Australian Debtors, the "Foreign Debtors") in a proceeding pending in the English Court (the "English Proceeding"; collectively with the Australian Proceedings, the "Foreign Proceedings") obtained a Temporary Restraining Order in the captioned ancillary proceedings pursuant to 11 U.S.C. § 304 (the "TRO") enjoining and restraining all persons from:

    (1)    commencing or continuing any action or proceeding (including the issuance or employment of process) against the Foreign Debtors;

    (2)    commencing or continuing any action or proceeding (including the issuance or employment of process) or the taking of any act against property of the Foreign Debtors or property involved in the Foreign Proceedings, including any action, proceeding or act (i) to seize or otherwise obtain possession of or exercise control over such property, or (ii) to create, perfect or enforce any lien, setoff, judgment,

NYDOCS03/574879 2                                      1

attachment, restraint, assessment or order, or collect, assess or recover any claim against such property; provided, however, that Petitioners will not remove such property from the United States or remit such property to the Foreign Proceedings without the approval of this Court; provided further that the English JPLs intend to seek, on motion for a Preliminary Injunction, the Court's approval to remit the U.S. assets of HIH Casualty U.K. Branch to the English Proceeding; or

(3) relinquishing or disposing of any property of the Foreign Debtors or property involved in the Foreign Proceedings, or the proceeds of such property, except to the Petitioners; provided, however, that Petitioners will not remove such property from the United States or remit such property to the Foreign Proceedings without the approval of this Court; provided further that the English JPLs intend to seek, on motion for a Preliminary Injunction, the Court's approval to remit the U.S. assets of HIH Casualty U.K. Branch to the English Proceeding.

Please take further notice that a hearing will be held before the Honorable Arthur J. Gonzalez, in the United States Bankruptcy Court, Alexander Hamilton United States Customs House, 1 Bowling Green, New York, New York, 10004, on April 18, 2001 at 2:00 p.m., or as soon thereafter as counsel can be heard, to consider Petitioners' Motion for a Preliminary Injunction Order in substantially the terms of the TRO.

All papers submitted for the purpose of opposing Petitioners' motion for a Preliminary Injunction Order shall be filed with the Court electronically in accordance with General Order M-182 (N.B. General Order M-182 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov the official website for the United States Bankruptcy Court for the Southern District of New York) by registered users of the court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served so as to be received by Shearman & Sterling, 599 Lexington Avenue, New York, New York 10022 (attention: Thomas Childs, Esq.), Attorneys for Petitioners, on or before April 13, 2001 at 5:00 p.m.

As ordered by the Court.